# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ALI JAHAL BADRAN,

　　　　　　　Petitioner,

　　　v.

TODD M. LYONS, et al.,

　　　　　　　Respondents.

CASE NO. 8:26-cv-01145-SK

**ORDER DISMISSING HABEAS PETITION**

## I.

## BACKGROUND

Petitioner Ali Jahal Badran is a native and citizen of Brazil who has been a lawful permanent resident of the United States since 1985.  (Pet. ¶¶ 21, 30).  In 2000, he pled guilty to a state drug offense under California Health and Safety Code § 11377(a).  (Pet. ¶ 32; ECF 10-1 at 4–5 & n.1).  Based on that conviction, an immigration judge ordered him removed, after which the Board of Immigration Appeals (BIA) affirmed the removal order in September 2003.  (Pet. ¶ 34; ECF 10-1 at 4).

Twenty-two years later, the state court vacated the conviction pursuant to California Penal Code Section 1473.7(a)(1), finding that petitioner's guilty plea was invalid because he did not understand its immigration consequences.  (Pet. ¶¶ 42–44; ECF 10-1 at 4–5).  Afterward,

pursuant to an agreement with state prosecutors, petitioner pled guilty to a misdemeanor offense under California Penal Code Section 370.  (Pet. ¶ 45). He then moved to reopen his removal proceedings, arguing that the predicate offense for his removal order had been vacated, but the BIA denied the motion on November 21, 2025.  (Pet. ¶ 46; ECF 10-1 at 4–6). The BIA found the motion untimely because it was filed more than 21 years after the BIA's 2003 decision affirming petitioner's removal order without an adequate showing of diligence.  (ECF 10-1 at 4–6).  Evidently, petitioner filed another motion to reopen before the BIA which remains pending. (Pet. ¶ 10; ECF 12 at 4).

Sometime after, petitioner was arrested and taken to the Adelanto ICE Processing Center, where he has been detained since.  (Pet. ¶ 2).  Six months after the BIA's decision refusing to reopen petitioner's removal proceedings, on May 12, 2026, he filed a counseled habeas petition under 28 U.S.C. § 2241.  The petition raises three claims: (1) that a removal order (and corresponding deportation) based on vacated convictions violates the Due Process Clause (*Id*. ¶¶ 54–58); (2) that "Respondents lack lawful authority to remove Petitioner" because the conviction underlying the removal order "has been extinguished" (*Id*. ¶¶ 59–63); and (3) that removal before adjudication of this petition would violate the Suspension Clause (*Id*. ¶¶ 64–67).  He seeks a temporary restraining order staying his removal order, a declaration that the removal order is invalid, and release in the meantime.  (*Id*. at 13; ECF 12 at 9).

For their part, respondents argue that the petition should be dismissed for lack of jurisdiction because it amounts to an unreviewable challenge to his administratively final removal order.  (ECF 10).  The petition does not say whether petitioner timely petitioned for review of the BIA's November 2025 decision in the Ninth Circuit.

## II.

## DISCUSSION

A "petition for review filed with an appropriate court of appeals" is "the sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5).  The Immigration and Nationality Act thus channels "[j]udicial review of all questions of law and fact … arising from any action taken or proceeding brought to remove an alien from the United States" to that process.  *Id.* § 1252(b)(9).  Together, these provisions mean that "*any* issue—whether legal or factual—arising from *any* removal-related activity can be reviewed *only* through the [petition-for-review] process."  *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis in original).  Otherwise, this court lacks jurisdiction to review whether or when a removal order is executed.  *See* 8 U.S.C. § 1252(g); *Rauda v. Jennings*, 55 F. 4th 773, 777-78 (9th Cir. 2022).

The BIA's denial of petitioner's November 2025 motion to reopen removal proceedings is a final order reviewable by petition for review in the Ninth Circuit.[1]  *See Mata v. Lynch*, 576 U.S. 143, 147 (2015) ("[C]ircuit

---

[1]  Absent equitable tolling, a petitioner usually has 30 days to timely petition for review.  *See* 8 U.S.C. § 1252(b)(1); *Riley v. Bondi*, 606 U.S. 259, 275-77 (2025).  If petitioner

courts have jurisdiction when a[] [noncitizen] appeals from the Board's denial of a motion to reopen a removal proceeding."); *accord Nevarez Nevarez v. Holder*, 572 F.3d 605, 607 (9th Cir. 2009).  And while the petition professes to be a habeas challenge to his ongoing detention, each claim asks this court to find essentially that his removal order is invalid because the underlying conviction that formed the basis for removal has been vacated.  (Pet. ¶ 8).  That is a challenge to the validity of a final removal order—a matter reserved for the Ninth Circuit, not federal habeas courts.

Labeling the petition as a "habeas" filing does not alter what it seeks.  *See J.E.F.M.*, 837 F.3d at 1032 ("[W]hen a claim by a[] [noncitizen], however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5).") (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)).  And seeking release on no other basis than the alleged invalidity or unenforceability of the removal order is effectively the same as a request to block a removal order—the very situation that § 1252(g) forecloses from judicial review.  *See Rauda*, 55 F. 4th at 778.

To be sure, not every claim involving a noncitizen with a removal order is unreviewable in federal district court.  For instance, reviewable habeas petitions may challenge the lawfulness of detention on grounds independent of the removal order's validity—the length of detention, the

---

sought timely review in the Ninth Circuit, his remedy is there.  If he did not, his remedy still *was* there—he just may have forfeited his chance to petition for review.

absence of a bond hearing, the standards applied at one, and so forth.  *See Jennings v. Rodriguez*, 583 U.S. 281, 294-95 (2018).  But Petitioner's claims are not of that character.  They all stand or fall solely on whether the underlying removal order itself is valid: "Here, Petitioner challenges the legality of detention and imminent removal where the underlying conviction has been vacated." (ECF 12 at 5).  And that question is reserved for the Ninth Circuit; it cannot be redirected and repackaged to a federal district court by claiming unlawful detention under § 2241.  Indeed, the Ninth Circuit has recently granted petitions for review in cases nearly indistinguishable from petitioner's circumstances.  *See, e.g., Eskilian v. Bondi*, 172 F.4th 682 (9th Cir. 2026); *Bent v. Garland*, 115 F.4th 934 (9th Cir. 2024).

That is also why petitioner's reliance on *Zadvydas v. Davis*, 533 U.S. 678 (2001), is misplaced.  That decision addressed indefinite detention while awaiting physical removal—it was a challenge to the extended duration of post-removal-order custody independent of the removal order.  *Id*. at 699-702.  His reliance on *INS v. St. Cyr*, 533 U.S. 289 (2001), is also inapt because that decision preceded the REAL ID Act of 2005, which directly "responded to" *St. Cyr* and amended § 1252 to preserve judicial review of "constitutional claims or questions of law" in the courts of appeals.  *See* 8 U.S.C. § 1252(a)(2)(D); *Nasrallah v. Barr*, 590 U.S. 573, 580-81 (2020).  In fact, it was because of that amendment—which preserved a channel of review (albeit an exclusive one) for such constitutional or legal claims in the courts of appeals—that any Suspension

Clause concerns were eliminated.  *See Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007) ("[T]he REAL ID Act is not an unconstitutional suspension of the writ because the new statutory scheme provides an 'adequate substitute' by allowing judicial review of the final order of removal through the courts of appeals.").  So, if anything, that amendment defeats petitioner's third claim alleging a Suspension Clause violation; it does not create or preserve subject matter jurisdiction here.

## III.

## CONCLUSION

For all these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction.  The application for a temporary restraining order (ECF 2) is DENIED as moot.  The administrative stay of transfer and removal entered on May 19, 2026 (ECF 11) is DISSOLVED.  Judgment will be entered accordingly.

IT IS SO ORDERED.

DATED: <u>June 11, 2026</u>

STEVE KIM
United States Magistrate Judge